IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL PATRICK PICKETT,

                        Plaintiff,

    v.                                              OPINION & ORDER

WARDEN BRIAN FOSTER and                    17-cv-674-jdp
BUILDING AND MAINTENANCE
SUPERINTENDENT OF THE D.O.C.,

                        Defendants.

---

Pro se plaintiff Daniel Patrick Pickett, a state prisoner incarcerated at the Wisconsin Secure Program Facility, has filed a proposed complaint under 42 U.S.C. § 1983 alleging that he did not have the same telephone privileges as other inmates while he was incarcerated in the segregation unit at the Green Bay Correctional Institution. Dkt. 1. The court has granted him leave to proceed *in forma pauperis*. Dkt. 9. The next step is to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). After reviewing the complaint with these principles in mind, I conclude that Pickett does not state a federal claim and the case must be dismissed because this court does not have jurisdiction over a state-law claim in the absence of diversity of citizenship.

ALLEGATIONS OF FACT

In his complaint, Pickett alleges the following facts.

Pickett used to be incarcerated at the Green Bay Correctional Institution (GBCI). From September 2014 to November 2015, he was housed in the GBCI segregation unit. There are no phone jacks near the cells in the segregation unit (save for cells in the 400 and 500 wings, which are for temporary observation). Pickett alleges that defendant the building and maintenance superintendent for the Department of Corrections made sure there were no phone jacks near these cells solely to deprive inmates of the ability to use a phone. Defendant Brian Foster, the GBCI warden, grants telephone privileges to only "Step Three" inmates, not "Step One" or "Step Two" inmates.[1] As a result, Pickett was not able to call his family members while he was in segregation, except when he was in temporary observation. The stress of not being able to call his family caused him "mental breakdowns and attacks of high anxiety," which resulted in him being placed in observation status. Dkt. 1, at 3.

Pickett seeks "mental and emotional stress damages" in addition to punitive and compensatory damages. *Id.* at 4.

ANALYSIS

Pickett filed his complaint under 42 U.S.C. § 1983, which provides a cause of action "to enforce individual rights under federal statutes as well as the Constitution." *City of Rancho*

---

[1] GBCI runs a Step Program for inmates in disciplinary segregation. The program "grants privileges and responsibilities in 'steps' to an inmate who demonstrates acceptable behavior over time. . . . [T]he inmates who have advanced to Step Three are given increased privileges and fewer restrictions [before being] transferred back to general population." *Polzin v. Ericksen*, No. 13-cv-147, 2014 WL 4338529, at *3 (E.D. Wis. Aug. 29, 2014).

*Palos Verdes v. Abrams*, 544 U.S. 113, 119 (2005). This is the usual vehicle for suits against state officials. But Pickett does not identify a federal right that defendants have violated, and I can think of none. Although "prisoners have a right to communicate with those outside the prison, [the Seventh Circuit has] expressed doubt that this amounts to an unqualified right for a prisoner to have access a telephone." *Boriboune v. Litscher*, 91 F. App'x 498, 499 (7th Cir. 2003); *see also Arsberry v. Illinois*, 244 F.3d 558, 564–65 (7th Cir. 2001) ("Not to allow [prisoners] access to a telephone might be questionable on other grounds, but to suppose that it would infringe the First Amendment would be doctrinaire in the extreme . . . ."). And even if there is a right to a telephone, access "may be limited as long as the regulation is reasonably related to a legitimate penological interest." *Boriboune*, 91 F. App'x at 499. Here, Pickett himself suggests the legitimate penological interest: disciplinary segregation.

The only federal right that might arguably be implicated by Pickett's allegations is the one conferred by the Fourteenth Amendment's Equal Protection Clause. The purpose of the Equal Protection Clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 611 (2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). It directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Pickett's complaint seems to be that Step One and Step Two inmates in disciplinary segregation do not have the same telephone privileges as other inmates. But Pickett's allegations make clear that he was not similarly situated to all other inmates, or even all other inmates housed in the segregation unit. Instead, he was similarly situated with all other Step One and Step Two inmates, and he alleges that all Step One and Step Two inmates were treated

3

alike. And even if he were treated unequally, "unequal treatment among inmates . . . is justified if it bears a rational relation to a legitimate penal interest." *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988); *accord Stojanovic v. Humphreys*, 309 F. App'x 48, 52 (7th Cir. 2009). Again, Pickett alleges a legitimate penal interest: he was in the early phases of disciplinary segregation. So I will not allow him to proceed on an equal protection claim.

Pickett might be attempting to bring a claim of negligent infliction of emotional distress, but that is a state-law claim that cannot be brought under § 1983. More important, a state-law claim does not establish this court's jurisdiction. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint raises a federal question or alleges complete diversity among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). A state-law claim does not raise a federal question, and Pickett alleges that he and Foster are both citizens of Wisconsin, so he fails to establish that this court has subject matter jurisdiction on the basis of the parties' diversity of citizenship. I see no way that Pickett could amend his complaint to cure these fundamental problems, so I will dismiss this case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for lack of subject matter jurisdiction.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered December 1, 2017.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge